OPINION of the Court, by
Judge Clark:.
— Ah an sitUo.i oí covenant, brought by Charles Anderson against *416 Beverly A. Alten* in the Logan circuit court, on a covenant to convey land, Allien, by his counsel, moved the court to instruct the jury that unless there had been fraud on the part of Allen, in not conveying agreeably to his covenant, the purchase money with interest was the proper measure of damages. The court refused to give the instruction, to which the defendant in the court below excepted, and has brought the cause to this court by appeal. _ -
In the case of Cox’s heirs vs. Strode, (ante 276) and Ship vs. Radcliff, decided at the present term, it is said on a covenant of warranty, the value of the land at the time of the sale, to be ascertained by the purchase mo-new, with interest thereon, is the measure of damages to be recovered, if the land be lost. On a covenant to convey where the vendor is without fraud incapable of making a title, the rule should be the same. In either case, the real damage the party has sustained is the purchase money, with interest from the time it was paid. In reason there exists no distinction between the two cases ; a purchaser before the seller completes his engagement, is not entitled to compensation for the fancied goodness of his bargain, which he may suppose he has lost, more than he is after it is completed. As to the damages that ought to be recovered on a covenant to convey, see the case of Flureau vs. Thornhill, 2 Black. Rep. 1078. We are of opinion the court ought to have given the instruction asked for.
Judgment reversed, and new proceedings to be had, not inconsistent with the foregoing opinion.